**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LANTANA INSURANCE, LTD.,**

          **Plaintiff,**

-vs-                                                  Case No. 6:10-cv-402-Orl-31DAB

**SUSAN TOME, as personal representative
of the estate of Weston Tome, and 176 N.
BEACH STREET INC., d/b/a
The Arena Sports Bar & Grill**

          **Defendants.**
_____/

# ORDER

This matter comes before the Court on the Motion for Default Judgment (Doc. 17) filed by the Plaintiff, Lantana Insurance Ltd. ("Lantana") and on a joint motion for entry of judgment (Doc. 18), styled a "Joint Stipulation," by Lantana and Defendant Susan Tome ("Tome"). Defendant 176 N. Beach Street, Inc. d/b/a The Arena Sports Bar & Grill ("176 N. Beach Street") has not responded to the Motion for Default Judgment. A clerk's default was entered against 176 N. Beach Street on July 6, 2010.[1] (Doc. 16).

In the instant case, Lantana sought a declaratory judgment that the liability policy it issued to 176 N. Beach St. had been exhausted as the result of a settlement in an earlier case, leaving it with no duty to defend the corporation against a state court suit filed by Tome. (Doc. 1). Tome

---

[1] According to the affidavit of service (Doc. 14), 176 N. Beach Street was properly served in accordance with Fla. Stat. § 48.081 by service upon the restaurant manager after the process server learned that the corporation's registered agent no longer resided at the address designated for service.

agrees that the policy has been exhausted and stipulates that Lantana is entitled to the entry of a declaratory judgment to that effect. (Doc. 18 at 2). As noted above, the docket shows that 176 N. Beach Street has been properly served, but the corporation has not made any appearance in this case.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).[2] A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir.1987), *citing Nishimatsu*, 515 F.2d at 1206. If the amount of damages sought is not specified in the complaint, the plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(2).

After reviewing the complaint, the Court finds that Lantana has properly asserted its entitlement to a declaratory judgment . Lantana did not seek monetary damages in the complaint, so there is no need to prove up sums. Accordingly, it is hereby

---

[2]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**ORDERED** that the Motion for Default Judgment (Doc. 17) and the joint motion for entry of judgment (Doc. 18) are **GRANTED**. The Court finds and hereby declares that the policy issued by Lantana Insurance Ltd. to 176 N. Beach Street, Inc. has been exhausted through settlement, and as a result Lantana Insurance Ltd. has no duty to defend or indemnify any entity in regard to the allegations against 176 N. Beach Street, Inc. raised by Susan Tome in her capacity as personal representative of the estate of Weston Tome. The Clerk is directed to enter judgment to that effect in favor of Lantana Insurance Ltd. and against both defendants, and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 21, 2010.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party